UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIA TARPLEY,<br><br>    Plaintiff,<br><br>v.<br><br>BRUNDAGE MANAGEMENT COMPANY, INC. D/B/A SUN LOAN COMPANY, INC. ,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:22-cv-02572<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, ANTONIA TARPLEY, by and through her undersigned counsel, complaining of Defendant, BRUNDAGE MANAGEMENT COMPANY, INC., doing business as, SUN LOAN COMPANY, INC., as follows:

### NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Plaintiff resides in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

## PARTIES

4. ANTONIA TARPLEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Hutchins, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. BRUNDAGE MANAGEMENT COMPANY, INC. D/B/A SUN LOAN COMPANY, INC. ("Defendant") is a corporation organized within Texas.

8. Defendant provides storage services and installment loans in the United States. Defendant's registered office is located at 254 Spencer Ln., San Antonio, Texas 78201.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. On or around August, 2022, Plaintiff obtained a high-interest personal loan from Defendant in the amount of $500.00 ("subject debt").

12. Due to unforeseen financial troubles, Plaintiff fell behind on the payments owed to Defendant on the subject debt.

13. Thereafter, Defendant started placing collection calls to Plaintiff's cellular phone.

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number (214) XXX-9092.

15. At all times relevant, Plaintiff's number ending in 9092 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17.     Frustrated with the incessant telephone calls, in October 2022, Plaintiff answered a call from Defendant.

18.     During this call, Plaintiff advised Defendant to cease its calls to her cellular phone.

19.     Defendant's collections efforts were relentless and unreasonable and unfortunately continued.

20.     Despite Plaintiff's requests that the collection calls cease, Defendant continued its collection calls, including calls from phone numbers 972-937-7861. Upon information and belief, Defendant has called from numerous other numbers.

21.     From October 2022, through the present, Defendant placed numerous collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

22.     Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

23.     Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

24. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

27. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

28. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

29. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

30.    Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or artificial or prerecorded voice without Plaintiff's consent.

31.    As pled above, Plaintiff revoked consent to be called on her cellular phone on during an answered call.

32.    As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

33.    Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

34.    Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

35.    Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

36.    As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

37.    As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Antonia Tarpley, requests the following relief:

a.  a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

b.  an award of statutory damages of at least $500.00 for each and every violation;

c.  an award of treble damages of up to $1,500.00 for each and every violation; and

d.  an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

39. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

40. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with her.

41. Defendant's continuous phone calls were made with intent to harass Plaintiff and coerce payment.

42. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

> (1) injunctive relief to prevent or restrain a violation of this chapter; and
>
> (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

43. As alleged above, Plaintiff was harmed by Defendant's actions.

**WHEREFORE**, Plaintiff, Antonia Tarpley, requests the following relief:

a. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

b. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. an award of such other relief as this Court deems just and proper.

Date: November 15, 2022                                     Respectfully submitted,

**ANTONIA TARPLEY**
By: */s/ Marwan R. Daher*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com