UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIA TARPLEY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2572-B |
| | § | |
| BRUNDAGE MANAGEMENT COMPANY, INC. d/b/a SUN LOAN COMPANY, INC., | § § § | |
| | § | |
| Defendant. | § | |

### STATUS REPORT ORDER
**(Joint Status Report Due THURSDAY, JANUARY 19, 2023)**

In accordance with Federal Rules of Civil Procedure 16(b) and 26(f), the Court enters this order to promote early settlement of this action and to facilitate entry of the scheduling order. Early, meaningful discussions are critical to effective case management and to the just resolution of disputes. With that in mind, the Court directs the parties to carefully review this order and strongly emphasizes the importance of strictly complying with its directives. Perfunctory meetings and generic or vague status reports are not acceptable and will prompt the Court to order an additional meeting and report. Accordingly, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel are directed to meet and confer for the purpose of submitting a **JOINT** status report as follows:

### I. MEETING REQUIREMENTS

Lead counsel for each party (or a designee attorney with appropriate authority) must meet *face-to-face* (in person), at a mutually agreeable location, and no later than seven (7) calendar days before the Joint Status Report due date set forth above. It is unacceptable to submit a proposal in

which counsel recite that they were unable to meet in the required manner. Advance Court approval must be obtained to eliminate the requirement that counsel meet face-to-face. The parties may file a motion with the Court seeking this approval. The requirement of a face-to-face meeting does not apply if one or more parties are proceeding *pro se*. In that instance, the Rule 26(f) conference may be conducted telephonically, by mail, or in another form of communication that will accomplish the conference requirement.

Counsel must confer regarding the matters specified in Rule 26(f) and by this order.

## II. REPORT REQUIREMENTS

The report shall be **FILED** no later than **THURSDAY, JANUARY 19, 2023,** and shall address in separate paragraphs each of the following matters:

1. A brief statement of the nature of the case, including the contentions of the parties;

2. Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;

3. Any pending motions;

4. Any matters which require a conference with the court;

5. Likelihood that other parties will be joined or the pleadings amended;

6. (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;

7. Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

8. Any issues relating to claims of privilege or of protection as trial-preparation material, including–if the parties agree on a procedure to assert such claims after production–whether they will be asking the Court to include their agreement in an order;

9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;

10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);

11. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);

12. Requested trial date, estimated length of trial, and whether jury has been demanded;

13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);

14. Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.;

15. What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective; and

16. Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report. Failure to timely submit the status report may result in the imposition of sanctions, including dismissal without further notice. *See* FED. R. CIV. P. 16(f).

### III. JOINT RESPONSIBILITY FOR PROPOSAL

Pursuant to Rule 26(f), the attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or represented at the meeting (or for otherwise conferring if exempt from the requirement of a face-to-face meeting), for attempting in good faith to agree on the scheduling proposal, and for submitting the proposal to the Court no later than the due date set forth above.

### IV. MANDATORY INITIAL DISCLOSURE REQUIREMENT

The disclosures required by Rule 26(a)(1), must be made within **thirty (30) days** of the date of this order, EXCEPT as to those cases exempted under Rule 26(a)(1)(E). *See* FED. R. CIV. P. 26(a)(1). The parties may not, absent Court permission, agree or stipulate to opt out of the initial disclosure requirement. *See* FED. R. CIV. P. 26(a)(1); advisory committee's note, 2000 amendments.

### V. ELECTRONIC CASE MANAGEMENT AND NOTICE

All licensed attorneys are required to comply with Local Rules 5.1(e)-(f). *Pro se* litigants (non-prisoner) must register for electronic transmission (e-mail) notice of orders and judgments within thirty (30) days of the date this order is signed. Information about electronic noticing can be obtained from the Court's website at:

http://www.txnd.uscourts.gov/records/ens.html.

All questions regarding this order or any scheduling matters should be directed to **Judge Boyle's Court Administrator at (214) 753-2740**.

SO ORDERED.

SIGNED: December 22, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE